ROBERTSON, Presiding Judge
(dissenting).
In this case, the father has not been found to be unfit; instead, the evidence reflects that the father is a loving and caring parent, with the ability and family support to care for his child. Also, under the facts and circumstances of this case, the actions of the father did not constitute a voluntary foyfei-ture of his prima facie right to custody. Consequently, I would find that Ex parte Terry, 494 So.2d 628 (Ala.1986), is controlling in this matter. I would reverse and remand for the trial court to apply the Terry standard instead of the McLendon standard. The grandmother failed to overcome the presumption which attaches to a natural parent’s prima facie right “to the custody of his ... child, as against the right of custody in a non-parent_” Terry, 494 So.2d at 632.
Notwithstanding the Terry presumption, the evidence in this ease clearly reflects that the best interests, welfare, and safety of the child would best be served by placing custody with the natural father. Consequently, I must respectfully dissent.